UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MARK FULTZ**, | ) |
| Plaintiff, | ) ) ) Case No. 2:22-cv-11754 |
| v. | ) ) |
| **SOUTHFIELD GRAND HOSPITALITY, INC.,** a Michigan corporation for profit, | ) ) Judge: ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Mark Fultz, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant, SOUTHFIELD GRAND HOSPITALITY, INC., a Michigan corporation for profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Mark Fultz, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over

    actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Mark Fultz ("Plaintiff" or "Mr. Fultz"), is a Florida resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Southfield Grand Hospitality, Inc. owns or operates a place of public accommodation, a hotel known as Hilton Garden Inn Detroit-Southfield, is located at 26000 American Drive Southfield, MI 48034 in Oakland County. Plaintiff has patronized and has been a guest at Defendant's hotel located therein as a place(s) of public accommodation.

6. Upon information and belief, the hotel owned and operated by Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facility as a hotel, which constitutes a place of public accommodation, fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Fultz is an individual who, as a result of a stroke, is paralyzed on the right side of his

     body.  He uses a manual wheelchair and motorized scooter for mobility and can occasionally walk short distances with the use of a cane.

8. Raised in Michigan, Mr. Fultz has relatives including his son, daughter, grandchildren, and cousins in suburban Detroit.  His son lives and works in Ann Arbor while his daughter resides between Ann Arbor and Detroit.  Plaintiff frequents many establishments in the Oakland County region and has been a customer at the property that forms the basis of this lawsuit on multiple occasions.

9. Mr. Fultz patronized the Defendant's hotel while in town to visit with his grandchildren and to attend his grandson's hockey and baseball games. While staying as an overnight guest from June 4th to June 5th, 2021 at Defendant's place of public accommodation, Mr. Fultz encountered architectural barriers at the subject property that violate the ADA and its regulations.  These barriers to access have endangered his safety and protected access to Defendant's place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

      Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the hotel owned by Defendant has shown that many violations of the ADA exist, whose remedy is readily achievable. These violations include, but are not limited to:

Parking and Accessible Routes

    A. There is no marked access aisle in the vehicle pull-up space (passenger loading zone) at the hotel entrance, in violation of the ADA whose remedy is readily achievable.

Lobby Restrooms

    B. There is not an ambulatory accessible toilet compartment, whereas for a restroom where the combination of urinals and water closets totals six or more fixtures, one ambulatory compartment is required, in violation of the ADA whose remedy is readily achievable.

    C. The restroom's two automated paper towel dispensers are mounted in excess of the legally permissible height above their finish floor to their operable part, in violation of the ADA whose remedy is readily achievable.

    D. The toilet seat covers in the men's restroom accessible toilet compartment are mounted within 12 inches above the rear grab bar impairing its use, in violation of the ADA whose remedy is readily achievable.

    E. The lobby men's restroom accessible toilet compartment door lacks pulls on the inside, in violation of the ADA whose remedy is readily achievable.

    F. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Designated Accessible Guestroom #218

    G. There is a grab bar installed above the fixed bench in the roll-in shower, in violation of the ADA whose remedy is readily achievable.

    H. The shower spray and handheld sprayer are not installed on the back wall adjacent to the seat wall, in violation of the ADA whose remedy is readily achievable.

    I. The handheld shower sprayer is located above allowable reach range and also requires tight clasping or twisting to adjust the height, in violation of the ADA whose remedy is readily achievable.

    J. The water closet entirely lacks a side grab bar which must be located on a side wall,

      in violation of the ADA whose remedy is readily achievable.

K.   The water closet is not located 16 to 18 inches to its centerline from a side wall and there is minimal to no side wall located at the guestroom bathroom the water closet impairing the ability to transfer, in violation of the ADA whose remedy is readily achievable.

L.   The towel shelfs are mounted at least 70 inches above the finish floor greatly in excess of the permissible 48 inches height as are shelfs for soap and other guestroom amenities, in violation of the ADA whose remedy is readily achievable.

M.   The microwave in the guestroom is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

N.   The toilet paper dispenser in the guestroom bathroom is not located in the required location, in violation of the ADA whose remedy is readily achievable.

O.   The lavatory does not have required knee clearance, in violation of the ADA whose remedy is readily achievable.

P.   The lavatory water and drain pipes are not insulated to protect for contact and scalding, in violation of the ADA whose remedy is readily achievable.

Q.   The guestroom door requires 24 lbs of force to operate which exceeds the limit of 5 lbs, in violation of the ADA whose remedy is readily achievable.

R.   The guestroom light fixtures and lamps require tight clasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

S.   The thermostat controls are located in excess of allowable height above the finish floor, in violation of the ADA whose remedy is readily achievable.

<u>Guestrooms</u>

T.   The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers guest rooms with meeting rooms and also executive suites with separate living area, parlor, whirlpool, sofa bed.  These offers varying square footage and amenities available only to able bodied guests. However, guests who require accessible accommodations are restricted to fewer room classes and guestroom amenities, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and its remedy is readily achievable.

U.   Upon information and belief the Hilton Garden Inn Detroit-Southfield has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 194 guestrooms such as this Hiltom Garden, there must

      be a minimum of 5 mobility accessible guestrooms without a roll-in shower and a minimum of 2 of mobility accessible guestrooms with a roll-in shower, totaling 7 designated mobility accessible guestrooms.

V. Upon information and belief, Mark Fultz believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just room 218). Including the other roll-in shower fitted mobility accessible guestrooms and bathtub fitted mobility accessible guestrooms.

<u>Access to Goods and Services</u>

W. The registration counter does not have a lowered portion for use by customers with disabilities, in violation of the ADA whose remedy is readily achievable.

X. Items in the self-serve pantry and in the breakfast area are located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

Y. There are not accessible seating or standing dining surfaces at the bar or in the in the bar dinng area whereas 5% should be, in violation of the ADA whose remedy is readily achievable.

Z. Interior doors throughout the building exceed 5lbs of pressure to operate, in violation of the ADA whose remedy is readily achievable.

AA. There is not an accessible means of entry to the hot tub spa, in violation of the ADA whose remedy is readily achievable.

BB. Some exercise machines and equipment do not have a clear floor space complying with section 305 of the 2010 Standards positioned for transfer or for use by an individual seated in a wheelchair, in violation of the ADA whose remedy is readily achievable.

<u>Policies and Procedures</u>

CC. The Defendant lacks or has inadequate defined policies and procedures for the benefit and assistance of disabled patrons and guests, including a policy for maintaining its accessible features.

DD. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Mark Fultz.

15. The discriminatory violations described in Paragraph 14 by Defendant are not an exclusive list of the ADA violations at the place of public accommodation owned and operated by Defendant. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure *all* of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

<b><u>COUNT I</u></b><br><b><u>VIOLATION OF THE AMERICANS WITH DISABILITES ACT</u></b>

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The facility at issue, as owned by Southfield Grand Hospitality, Inc. is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until

Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the hotel, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301** *et seq*.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. Defendant Southfield Grand Hospitality, Inc.'s hotel is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, and in particular, the Defendant has failed to create and provide an accessible guestroom with a compliant water closet and roll-in shower. This risks Mr. Fultz and others' safety.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
Monroe, MI (734) 240-0848
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net